UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIM EVANS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:23-cv-910-MTS |
| NOVUS INTERNATIONAL, INC., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. The Court finds Defendant has failed to establish this Court's subject matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014) (noting "party seeking removal has the burden to establish federal subject matter jurisdiction"). Defendant removed this action from the 13th Judicial District Court of Yellowstone County, Montana claiming that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Doc. [1] ¶ 5.

In order for the Court to have diversity jurisdiction under § 1332(a)(1), besides the amount in controversy exceeding $75,000, Plaintiff must be completely diverse from Defendant. Defendant is required to prove the parties were diverse "both when the plaintiff initiate[d] the action in state court and when the defendant file[d] the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced").

Defendant failed to establish the jurisdiction of the parties <u>both</u> at the time the case was filed and at the time removal was filed.  *See, e.g.*, Doc. [1] ¶ 6 (describing Plaintiff's citizenship as "Plaintiff is a citizen Montana").  Such allegations are indispensable to the Court's subject matter jurisdiction in this case.

If Defendant can establish this Court's subject matter jurisdiction, Defendant must file an Amended Notice of Removal to fix the jurisdictional defects the Court has identified herein.  *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013).  Failure to do so will result in remand.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant shall file an Amended Notice of Removal by **Monday, July 24, 2023**.

Dated this 18th day of July, 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE